

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-6055
Re: The holding of the United
States Supreme Court in the
Smith v. Allwright, et al
case has not altered the
application of Article 2978a,
Vernon's Annotated Civil
Statutes, as construed in
Attorney General's Opinion
No. O-4525.

Your request for an opinion of this date, May 30, 1944, has been received and we quote from same as follows:

"In your Opinion #O-4525, it was held that Article 2978a, requires the filing of the affidavit therein mentioned by candidates in the general election only. From the number of inquiries now being received by this office, it seems to be a rather prevalent opinion among candidates and local election officials that the recent decision of the United States Supreme Court in the Lonnie Smith case may have altered the construction to be placed upon this statute.

"Will you therefore please advise this department upon the following inquiry:

"Should the affidavit to support the Constitution and laws of the United States and of Texas be filed by candidates in the primary elections as well as by candidates in the general election?"

Said Article 2978a, Vernon's Annotated Civil Statutes, provides, in substance, that no candidate for any office shall have his name appear upon the official ballot unless and until he files his affidavit with the Secretary of State, in form as prescribed by the Attorney General, that if elected he will support and defend

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the Constitution and laws of the United States and of Texas.
That he believes in, approves of and if elected will support
and defend our present representative form of government, and
will resist any effort or movement from any source which seeks
to subvert or destroy the same or any part thereof.   Section
2 thereof provides that the name of no candidate or nominee of
any political party whose principles include any thought or pur-
pose of setting aside representative form of government and sub-
stituting therefor any other form of government shall be permitted
on said official ballot.  Section 3 of said Article provides that
no candidate or nominee of the Communist Party, or the Facist Party
of the Nazi Party, shall ever be allowed a place on said official
ballot.

Our said Opinion No. O-4525 holds, in substance, that
House Bill 222 (Article 2978a) is limited by its caption to general
elections; said Article 2978a, notwithstanding its broad language
including general and primary elections, should be given effect
only within such limits prescribed by its caption, i. e., the
official ballot in general elections.

We shall not attempt here to interpret generally the
holding of the United States Supreme Court in the case of Lonnie
E. Smith, Petitioner, v. S. E. Allwright, Election Judge, and James
E. Liuzza, Associate Election Judge, 48th Precinct of Harris County,
Texas, rendered on April 3, 1944.

However, for the purpose of answering your query, we
point out that the crux of such holding seems to be expressed in
the words of said Court as follows:


"We think that this statutory system for the
selection of party nominees for inclusion on the
general election ballot makes the party which is re-
quired to follow these legislative directions an
agency of the state in so far as it determines the
participants in a primary election.* * *


"When primaries became a part of the machinery
for choosing officials, state and national, as they
have here, the same tests to determine the character
of discrimination or abridgement should be applied
to the primary as are applied to the general election."

At no place in said opinion does the Court openly confuse the identity or function of a primary election with that of a general election, though it does hold, as shown in the next above quotation, that they are each parts of the same "machinery for choosing officials, state and national," which is, in itself, a distinction between the two.

We think it is clear that the Court in referring to "the same tests to determine the character of discrimination or abridgement," meant those tests provided for in the Federal Constitution. The question of the applicability and construction of said Article 2978a was not before the Court, and same is not mentioned, either directly or indirectly, in said opinion.

We do not believe there is any basis to fear that the holding in the Smith v. Allwright et al. case, supra, merges the identity of a primary election with that of a general one so as to make a Texas statute applying exclusively to one, apply to both.

Therefore, it is the opinion of this department that our Opinion No. O-4525 is still correct in the holding expressed therein that the provisions of House Bill 222 (Article 2978a) apply to the official ballot in general elections, and in general elections only.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr.*

Robert L. Lattimore, Jr.
Assistant

APPROVED JUN 2, 1944

*Grover Sellers*

ATTORNEY GENERAL OF TEXAS

RLL:EP



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN